73 F.3d 379
 40 Cont.Cas.Fed. (CCH) P 76,863
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
THOMAS CREEK LUMBER & LOG COMPANY, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5080.
 United States Court of Appeals, Federal Circuit.
 Dec. 4, 1995.
 
 Before MICHEL, PLAGER, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Thomas Creek Lumber & Log Co. (Thomas Creek) appeals the United States Court of Federal Claims' dismissal of its contract action for damages. The Bureau of Land Management (BLM) ordered Thomas Creek to suspend harvesting operations because a Spotted Owl was present in the contract area. Thomas Creek sought damages resulting from the suspension. This court affirms the Court of Federal Claims' decision for the reasons stated in its opinion. Thomas Creek Lumber & Log Co. v. United States, 32 Fed.Cl. 787 (1995).
 
 
 2
 BLM ordered Thomas Creek to suspend work because a field worker detected an endangered species, the Spotted Owl, in the contract area. As the Court of Federal Claims clarified, a single contact with the Spotted Owl is sufficient reason to suspend operations:
 
 
 3
 The purpose of the suspension is therefore prophylactic--suspension maintains the status quo until an appropriate analysis can be made regarding the effect that continued timber harvesting in the area may have on the endangered animal. [Thomas Creek's] proposed interpretation of [the suspension clause] would negate this prophylactic purpose. It would permit timber harvesting to continue until a new survey could be completed without any consideration of the effect that such continued harvesting would have on the endangered animal previously identified on the contract area.
 
 
 4
 Thomas Creek, 32 Fed.Cl. at 790-91.
 
 
 5
 In this case, Thomas Creek's contract with the Government stated:
 
 
 6
 The purchaser shall immediately discontinue specified construction or timber harvesting operations upon written notice from the Authorized Officer that sensitive, threatened, or endangered plants or animals protected under the Endangered Species Act of 1973 have been discovered to be present on the area. Discontinued operations may be resumed upon receipt of written instructions and authorization by the Authorized Officer.
 
 
 7
 Id. at 789.
 
 
 8
 This language envisioned suspension of contract work upon detection of an endangered species. The trial court correctly interpreted the contract to require:
 
 
 9
 only the discovery that an endangered animal is "present" on the area. The trial testimony indicates that a finding that an animal is "present" can properly be based on a single contact with the animal in an area.
 
 
 10
 Id. at 791. Thus, the Court of Federal Claims found that BLM acted in accordance with the clear language of the suspension clause, requiring only an endangered species to be present in the area. Id.
 
 
 11
 In a breach of contract action, only the express terms may be examined unless external terms have been expressly incorporated into the contract. The trial court stated:
 
 
 12
 In suing for a breach of contract plaintiff must rely on the express terms of the contract and cannot, as it has attempted to do here, import into the agreement terms outside of those expressly contained in the agreement.
 
 
 13
 Id. at 792 (citing State of Texas v. United States, 210 Ct.Cl. 522, 531, 537, F.2d 466, 471 (1976)).
 
 
 14
 Any delay in lifting the suspensions was justified because Thomas Creek informed BLM that there was no rush in resuming work. Thomas Creek stated that it did not intend to harvest timber until the spring. Thomas Creek, 32 Fed.Cl. at 793. Therefore, the trial court correctly found the delay to be reasonable.
 
 
 15
 The Court of Federal Claims' decision is thorough, well reasoned, and in accordance with the applicable law. Therefore, this court affirms.